IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES RONALD HICKMAN et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:14-cv-0162 |
| ) | Senior Judge Haynes |
| v. ) | |
| ) | |
| KYLE HELTON, Sheriff, ) | |
| GILES COUNTY JAIL, ) | |
| TERESA MATTOX, ,Administrator, ) | |
| and KELLY – Nurse, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, James Ronald Hickman, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: the Giles County Jail; Kyle Helton, Giles County Sheriff; Teresa Mattox, Administrator of the Giles County Jail; and "Kelly," a nurse at the Giles County Jail. (Docket Entry No. 1).

According to his complaint, Plaintiff is disabled with a prosthetic leg, and suffers from heart problems. Plaintiff alleges that he has had eight heart attacks, a double bypass and the placement of fourteen stents in the last three years. Plaintiff alleges that after his release from Saint Thomas Hospital in March, when four stents were placed in his heart, Plaintiff was directed to go to a cardiac rehabilitation facility and also to have a follow-up examination with his heart doctor in two weeks. Yet, the jail officials have refused to comply with either directive. Administrator Mattox allegedly told Plaintiff that he can wait until he gets out of jail to go see a heart doctor. Plaintiff does not allege his projected release date.

Plaintiff also alleges that he has been prescribed medication that has not been provided to

him. In addition, Plaintiff alleges that (1) for two weeks, jail officials repeatedly tried to give Plaintiff medication that his doctor had stopped prescribing until the jail nurse finally removed the medication from his list; (2) the jail charges for medical visits and medication, and sometimes charges for medication that is not actually provided; (3) the plaintiff is housed on the medical ward, where there are frequently no jail officials at all even though he and others on the ward have very poor health and require supervision; (4) the jail is overcrowded and "run by kids that don't know what they are doing" (Docket Entry No. 1, at 7); (5) Plaintiff fell in the shower on November 30 but was not taken to the emergency room until December 3, 2014.

Plaintiff also alleges that the jail lacks proper accessability features for disabled inmates. Specifically, Plaintiff cites the lack of a "handicap shower," that resulted in Plaintiff's falling in the shower. Plaintiff also asserts that there are not any benches for disabled inmates to sit down for outdoor recreation.

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the Court is required to dismiss *sua sponte* any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also* 42 U.S.C. § 1997e©. The Court must read Plaintiff's *pro se* complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and

laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As to Defendant Giles County Jail, the Giles County Jail is not an entity that is suable under 42 U.S.C. § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). To the extent the claim against the Giles County Jail might be liberally construed to be asserted against Giles County, such a claim asserted against Sheriff Kyle Helton in his official capacity. Accordingly, the Court declines to construe the claim against the Giles County Jail as asserted against the county, and Plaintiff's claims against the Giles County Jail should be dismissed as moot.

As to Plaintiff's claims against Defendants Sheriff Helton and Administrator Mattox in their official capacities, an official-capacity claim is, in reality, a claim against the entity that employs the defendants, here Giles County. Because Sheriff Helton and Administrator Mattox are the persons ultimately responsible for the administration of the Giles County Jail, the Court concludes that they are appropriately named in their official capacities. Giles County can be held responsible for an alleged constitutional deprivation only if there is a causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state such a claim, Plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury [constitutional violation] was incurred because of the execution of that policy." *Garner v. Memphis Police*

*Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

Under these standards, the Court concludes that Plaintiff has stated colorable claims against Defendants Helton and Mattox in their official capacities based on the alleged denial of adequate, handicapped-accessible shower facilities and other accommodations for the plaintiff as a disabled individual. *Cf. Kiman v. N.H. Dep't of Corrs.*, 451 F.3d 274, 287–88 (1st Cir. 2006) (finding disputed issues of material fact barred summary judgment on a § 1983 claim where prisoner presented evidence that corrections officers prevented him from using shower chair or disabled-accessible shower facilities despite repeated requests); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (denying summary judgment as to § 1983 claim brought by disabled prisoner on crutches for violation of the Eighth Amendment, based on allegations that slippery shower floors created substantial risk to his safety); *Muhammad v. Dep't of Corrs.*, 645 F. Supp. 2d 299, 317 (D.N.J. 2008) (finding the amputee-inmate plaintiff stated an Eighth Amendment claim based on his assignment to an upper bunk in a cell located far from handicapped-accessible shower); *Lamzot v. Phillips*, No. 04 Civ. 6719(LAK), 2006 WL 686578, at *5 (S.D.N.Y. 2006) (finding that the disabled-inmate plaintiff met objective prong of deliberate-indifference test where he alleged that he was denied access to a handicapped-accessible bathroom, stating: "Plainly, the alleged deprivation of reasonable safety was serious enough to meet the objective element of an Eighth Amendment violation.").

As to Defendants Mattox and Kelly, Plaintiff alleges that he has a serious heart condition and a propensity to fall and that these Defendants are aware of this condition, but have declined

to provide reasonably necessary follow-up care and medication. The Court concludes that Plaintiff has stated colorable claims against Defendants Mattox and "Kelly" in their individual capacities for deliberate indifference to Plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976) ("[A] prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury.").

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the 23rd day of January, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge